UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GENARO MENDOZA,  No. 09-11678

                 Debtor(s).
_____/

Memorandum on Objection to Claim
_____

      Chapter 11 debtor in possession Genaro Mendoza originally objected to Claim #19 filed by U.S. Bank on grounds that it included a prepayment premium and default interest. The Bank concedes that the objection on these grounds should be sustained unless the order confirming Mendoza's plan, now under appeal, is reversed or vacated, as that order has not been stayed.

      However, the objection has morphed into something different. The Bank's claim contains an error understating the principal balance by about $600,000.00. The Bank seeks to amend its claim to correct this error, which Mendoza agrees was made. In the absence of prejudice, amendments to timely-filed claims are freely allowed. *In re Enron Corp.,* 419 F.3d 115, 133 (2nd Cir. 2005). Mendoza argues that there is prejudice.

      The court notes that the original claim included about $600,000.00 in now-disallowed prepayment premiums, so that the net amount of the claim as amended (about $4.6 million) remains about the same as the original claim, making it difficult for most creditors to argue that they were misled by the original claim. More importantly, none of Mendoza's arguments of prejudice have

1

merit.

Contrary to Mendoza's assertions, neither attorneys' fees and expenses contesting the amendment nor a reduced dividend to other creditors constitutes prejudice. *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir.2001)[prejudice means prejudice to a legal claim or interest, not having to incur litigation expenses]; *In re Arnold*, 252 B.R. 778, 786-87 (9th Cir. BAP 2000)[theoretical disappointment of creditors, without proof of actual damages, cannot support a finding of prejudice]; *Manousoff v. Macy's Northeast, Inc. (In re R.H. Macy & Co.)*, 166 B.R. 799, 802 (S.D.N.Y.1994) [the depletion of resources otherwise available for other claims is not prejudice]. Mendoza has not shown that he lost any rights because of the mistake in the Bank's original claim, or that he has taken any irrevocable action in reasonable reliance on the mistake. There is therefore no prejudice such as would defeat an attempt to amend a claim.

For the foregoing reasons, Mendoza's original objection to the prepayment consideration and default interest portions of the claim will be sustained, subject to reconsideration if the order confirming the plan is reversed or vacated on appeal. The objection to the amended claim, insofar as it corrects the principal balance owing on the date of bankruptcy, will be overruled. Counsel for Mendoza shall submit an appropriate form of order which counsel for the Bank has approved as to form.[1]

Dated: December 1, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] The parties have also argued that certain postpetition fees, costs and charges claimed by the Bank are unreasonable and therefore not allowable pursuant to § 506(c) of the Bankruptcy Code. The court will address this dispute separately.