UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GENARO MENDOZA,  No. 09-11678

                   Debtor(s).
_____/

Further Memorandum on Objection to Claim
_____

      Chapter 11 debtor in possession Genaro Mendoza originally objected to Claim #19 filed by U.S. Bank on grounds that it included a prepayment premium and default interest. The Bank conceded that the objection on these grounds should be sustained unless the order confirming Mendoza's plan, now under appeal, is reversed or vacated, as that order has not been stayed.

      In the meantime, the Bank discovered an error in its claim resulting in understatement of the outstanding principal balance of about $600,000.00. Without any formal pleading the court can find on the docket, the parties began arguing over whether the Bank could amend its claim. The court went along and decided that issue in favor of the Bank.

      Additionally, and also without any pleading the court can find, the parties started squabbling over the Bank's postpetition attorneys' fees and expenses. These fees may be added onto the Bank's claim pursuant to § 506(b) of the Bankruptcy Code if it has an allowed secured claim, is oversecured, its fees and expenses are reasonable under the circumstances, and are provided for in the loan documents. *In re Kord Enterprises II,* 139 F.3d 684, 689, (9th Cir. 1998). The Bank has the burden

1

of proof in these matters. *In re Dalessio,* 74 B.R. 721, 724 (9th Cir. BAP 1987).

The parties have apparently stipulated that the court should decide the dispute without oral testimony. The court reviewed the Supplemental Declaration of Ross Newman filed on November 3, and frankly does not see what the problem is. However, in reviewing the docket the court sees Mendoza's representation that the Newman declaration is not to be considered. This makes no sense to the court, although it makes it easy. If the Bank has stipulated that the declaration should not be considered, it has not met its burden and should not be allowed any postpetition fees or expenses.

In the end, the parties are simply asking too much of a swamped bankruptcy court in the middle of a recession. It may be that there is some answer to the court's confusion on the docket, but the court cannot find it. The court declines to rule based on the fact that there does not appear to be a motion before it. The parties should clarify the record, file a formal motion or objection, and place the matter back on the court's docket if they wish to pursue it.

Dated: December 5, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

2