UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GENARO MENDOZA,  No. 09-11678

                       Debtor(s).
_____/

Further Memorandum on Objection to Claim
_____

      Chapter 11 debtor in possession Genaro Mendoza originally objected to Claim #19 filed by U.S. Bank on grounds that it included a prepayment premium and default interest. The Bank conceded that the objection on these grounds should be sustained unless the order confirming Mendoza's plan, now under appeal, is reversed or vacated, as that order has not been stayed.[1]

      In the meantime, the Bank discovered an error in its claim resulting in understatement of the outstanding principal balance of about $600,000.00. The court rejected Mendoza's claims of prejudice and allowed the Bank to amend it claim.

      The remaining issue regards postpetition attorneys' fees and expenses which the Bank seeks to add it its claim pursuant to § 506(b). These fees amount to $207,965.89, of which $129,957.87 was incurred after the effective date of the plan.[2]

      The court notes that overall fees of about $200,000.00 are not *per se* unreasonable in relation to

---

[1] It appears that Mendoza has prevailed on the Bank's appeal to the District Court. The Bank says it intends further appeal.

[2] According to the docket, the court is today ruling on the Bank's motion for "reconsideration" of a memorandum the court issued on December 5, 2010, expressing frustration with the procedural posture of the objection. However, a memorandum is not an order so there is no ruling to be reconsidered. The court is merely completing its rulings on Mendoza's objection to the Bank's claim.

1

a loan of $4.5 million. The court further finds unpersuasive Mendoza's objection to the time spent preparing for the second confirmation hearing (the Bank's counsel having missed the first hearing due to his mistake) and finds Mendoza's objection relating to preparation of the erroneous claim to be *de minumus* as well as unpersuasive.

However, Mendoza is correct in pointing out that after a plan is confirmed, the Bank is only entitled to further fees if it is the prevailing party under state law. *In re Hoopai,* 581 F.3d 1090, 1101 (9th Cir. 2009). The Bank's only response to this objection is to argue that the parties had stipulated that there would be no further pleadings considered on the objection to its claim. While the court is happy to give effect to a stipulation as to what evidence it may consider, the court declines to allow the parties to limit what law the court may consider. There is a Court of Appeals decision governing this issue which the court will follow regardless of any stipulation which may be interpreted as requiring the court to disregard it.

For the following reasons, Mendoza's objections to the Bank's claim will be overruled except as to the sum of $129,957.87, which will be disallowed without prejudice to recovery if the Bank is a prevailing party. Counsel for Mendoza shall submit an appropriate form of order which counsel for the Bank has approved as to form.

Dated: March 14, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

2

Case: 09-11678    Doc# 330    Filed: 03/14/11    Entered: 03/14/11 14:47:32    Page 2 of 2